UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Margarida Bernardo Andre Manuel

v.

Strafford County Department of Corrections, Superintendent et al

Civil No. 26-cv-893-LM-TSM
Opinion No. 2026 DNH 160 P

**O R D E R**

Petitioner Margarida Bernardo Andre Manuel filed this action under 28 U.S.C. § 2241 alleging that her civil immigration detention is unlawful in the absence of a bond hearing. The government conceded that Manuel is entitled to a bond hearing before an immigration judge (IJ). However, the IJ denied release, finding by a preponderance of the evidence that petitioner is a flight risk. The IJ expressly found that the government did not prove by clear and convincing evidence that Manuel's release would pose a danger to the community. Presently before the court is Manuel's motion for further relief. Doc. no. 13. She asserts that her bond hearing was constitutionally inadequate because the evidence submitted to the IJ was legally insufficient to find flight risk. Respondents object (doc. no. 16) and simultaneously move to dismiss (doc. no. 11). For the following reasons, Manuel's motion for further relief (doc. no. 13) is granted and the government's motion to dismiss (doc. no. 11) is denied as moot.

## BACKGROUND[1]

Manuel is an Angolan national. She entered the United States unlawfully in May 2023. Immigration officials issued Manuel a Notice to Appear (NTA), which both charged her as inadmissible and initiated removal proceedings under 8 U.S.C. § 1229a. She was then released "[d]ue to detention capacity" and instructed to report to an Immigrations and Customs Enforcement (ICE) office. Manuel would later file an application for asylum and withholding of removal. Her removal proceedings remain pending.

Following her release, Manuel began living in Maine with her husband and young children at a leased residence. By all accounts, Manuel is a loving and dedicated mother. Manuel also found employment in Maine, took adult educational courses, and established ties with a local Angolan community and church.

On September 1, 2026, Manuel was arrested for operating under the influence by the Portland, Maine, Police Department. On that day, a witness shopping at a 7-11 convenience store around 3:00 in the afternoon saw a heavy-set black woman getting kicked out by staff. The woman smelled heavily of alcohol and was stumbling around the store while she argued with employees about why they would not sell her alcohol. After the employees removed the woman from the store, the witness saw her get into a white car, which she then erratically drove from 7-11 to a nearby brewery.

---

[1] The following facts are drawn from materials available to the IJ at the time of the bond hearing. They are recited in the light most favorable to the IJ's decision. See Acero v. FCI Berlin, Acting Warden, 825 F. Supp. 3d 52, 55 n.1 (D.N.H. 2026).

The witness called 911 to report his observations, and Officers Justin Macaluso and John Burke responded to the brewery. When they arrived, Officer Macaluso saw a woman seated in the driver's seat of a white Chevrolet Equinox. The woman was identified as Manuel. After exiting the car, officers observed that Manuel smelled of alcohol and had difficulty walking. Through an interpreter, officers asked Manuel to perform field sobriety tests, and Manuel eventually agreed. Manuel failed all three field sobriety tests that officers asked her to perform. Officer Macaluso then took her into custody, and Officer Burke stood by with Manuel's vehicle waiting for a tow. During an inventory search, Officer Burke saw a bag full of empty beer cans in the trunk of the vehicle. Manuel refused to perform a breath test at the station.

Officers ultimately charged Manuel with one count of driving under the influence (DUI) under Maine law. She was released from custody. However, on September 30, 2026, ICE conducted "targeted surveillance" at Manuel's address in an attempt to arrest and detain her. Doc. no. 13-1 at 85. When ICE agents observed Manuel enter her car and start driving away from the residence, they initiated a traffic stop. The agents explained to Manuel that they had a warrant for her arrest. Manuel complied, and the agents placed her in restraints without incident.

Manuel filed the instant habeas petition on October 15, 2026, claiming, inter alia, that her detention is unlawful in the absence of a bond hearing. The government agreed that Manuel was entitled to a bond hearing under 8 U.S.C. § 1226(a) and provided her with a bond hearing.

At the bond hearing, Manuel presented substantial evidence that she would pose no flight risk if released: (1) she presented evidence of her young children at home to whom she is dedicated and whom rely on her for support; (2) she provided a written lease showing her stable residence; (3) she provided work authorization documents and paystubs showing recent employment; (4) she submitted letters of support from the President of the Angolan Community of Maine attesting to Manuel's involvement in that community as well as one from her pastor evincing her membership in a local church; (5) a letter authored by an administrator of a local adult education program confirming Manuel's recent enrollment in courses; (6) proof that she had no criminal convictions; and (7) a letter from a U.S. citizen who pledged to sponsor Manuel's bond and ensure she attended all required immigration hearings. The government presented evidence documenting that Manuel entered the country unlawfully, as well as police reports underlying Manuel's DUI conviction.

The bulk of the parties' arguments at the bond hearing focused on dangerousness, though both parties briefly addressed flight risk. At the conclusion of the hearing, the IJ found that the government failed to prove by clear and convincing evidence that Manuel's release would pose a danger. However, the IJ also found that the government proved by a preponderance of the evidence that Manuel's release posed a risk of flight that no amount of bond or conditions of release could ameliorate. Neither the IJ's oral ruling nor his written order following the hearing state the basis for his flight-risk conclusion.

**DISCUSSION**

The parties agree that Manuel was entitled to a bond hearing under 8 U.S.C. § 1226(a). The First Circuit has held that, at § 1226(a) hearings, "due process requires the government to either (1) prove by clear and convincing evidence that [the noncitizen] poses a danger to the community or (2) prove by a preponderance of the evidence that she poses a flight risk." Hernandez-Lara, 10 F.4th 19, 41 (1st Cir. 2021). And, despite respondents' arguments to the contrary, district courts have jurisdiction to ensure that § 1226(a) hearings comply with this constitutional requirement. See, e.g., Mayancela Mayancela v. FCI Berlin, Warden, Civ. No. 25-cv-348-LM-TSM, 2025 WL 3215638, at *4-5 (D.N.H. Nov. 18, 2025). An IJ's bond denial violates due process when it is based on evidence that is legally insufficient for a reasonable IJ to reach the conclusion he or she reached. Id. at *5.

As an initial matter, although the evidence regarding the facts of Manuel's DUI arrest could have led a reasonable IJ to find by clear and convincing evidence that her release would pose a danger, the IJ expressly concluded that the government had not proven dangerousness to the requisite degree of certainty. This court cannot affirm the IJ's bond denial on a basis that the IJ explicitly disclaimed. See Wiratama v. Mukasey, 538 F.3d 1, 6 (1st Cir. 2008) (explaining that an IJ's decision can be affirmed on alternate grounds only when those grounds "issue from the agency itself" or are "implicit in the IJ's decision"; "we cannot provide these alternate grounds ourselves"); Nat'l Tower, LLC v. Plainville Zoning Bd. of Appeals,

297 F.3d 14, 21 (1st Cir. 2002) (explaining that courts generally cannot "affirm[ ] an agency on grounds other than those the agency gave in its decision").

The sole question before this court, therefore, is whether the evidence presented at Manuel's bond hearing was legally sufficient for a reasonable IJ to conclude by a preponderance of the evidence that Manuel's release would pose a risk of flight so substantial that no amount of bond or conditions of release could satisfactorily ameliorate it. Although this analysis is deferential to the IJ's ultimate finding, it recognizes that the preponderance-of-the-evidence standard has teeth. Julsaint v. Strafford Cnty. Dep't of Corrs., Superintendent, Civ. No. 26-cv-761-LM-AJ, 2026 WL 3168090, at *4 (D.N.H. Oct. 22, 2026). The government is required to present reliable, probative, and specific evidence of flight risk. United States v. Stimpson, 113 F.4th 350, 355 (3d Cir. 2024); In re Guerra, 24 I. & N. Dec. 37, 40-41 (BIA 2006), abrogated in part on other grounds by Hernandez-Lara, 10 F.4th at 41. The government's burden of demonstrating flight risk at a § 1226(a) hearing is no less weighty than its burden of justifying a criminal defendant's pretrial detention on the basis of flight risk. Hernandez-Lara, 10 F.4th at 40.

Here, even viewing the evidence in the light most favorable to the IJ's finding, the evidence of flight risk was legally insufficient. Manuel presented ample evidence of community ties. Most importantly, she has young children and it is undisputed that she is a devoted mother on whom her children rely. She has a stable residence and family in Maine, employment history in Maine, educational history in Maine, and ties to a local Angolan community and church. She has not

been ordered removed and has an asylum application pending. Given her children's presence in this country, she has every incentive to seek and obtain asylum. Following her arrest for DUI, she did not flee the state or go into hiding. And during her recent arrest by ICE agents, she did not flee or try to avoid detention. It appears that she complied with law enforcement commands.

At the bond hearing, the government primarily argued dangerousness and spent little time on Manuel's risk of flight. The government argued only that Manuel posed a flight risk because her initial entry to the country in 2023 was unauthorized and asserted that it is unclear whether she will obtain relief from removal. This court has held that such generalized assertions are insufficient to find flight risk as a matter of law, at least where a noncitizen has substantial evidence of community ties.[2] See Timbigamba v. FCI Berlin, Warden, 836 F. Supp. 3d 430, 446-48 (D.N.H. 2026). And, as noted, neither the IJ's oral ruling nor his written order state the basis for his flight-risk finding. While an IJ need not spell out their reasoning ad nauseam when the basis for bond denial is clear from the record, in this case it is not possible to conclude that the IJ's flight-risk finding was based upon evidence that is legally sufficient to sustain it.

For the foregoing reasons, the IJ violated Manuel's due process rights by ordering her detained on the basis of legally insufficient flight-risk evidence. To

---

[2] It is not lost on the court that the government's response to Manuel's motion for further relief does not seriously contest that the evidence of flight risk was insufficient. See doc. no. 16 at 3-5. Nor does the government assert that petitioner be afforded an additional bond hearing at which the IJ can reassess the evidence of Manuel's dangerousness.

remedy this unconstitutionality, Manuel seeks immediate release. This court has previously ordered noncitizens released where the evidence at their bond hearing was legally insufficient. See id. at 449. The government's objection takes no position on the appropriate remedy. Given the government's position and the IJ's express conclusion that the government failed to prove Manuel's dangerousness, the court concludes in the circumstances of this case that it is appropriate to grant Manuel's habeas petition and order her released subject to reasonable conditions of supervision. The government's motion to dismiss—which is premised entirely upon the constitutional adequacy of Manuel's bond hearing—is denied.

## CONCLUSION

Manuel's motion for further relief (doc. no. 13) is granted and the government's motion to dismiss (doc. no. 11) is denied. Manuel's habeas petition (doc. no. 1) is granted. Respondents are ORDERED to release Manuel under reasonable conditions of supervision within 24 hours. Respondents shall submit a status report within 24 hours of Manuel's release.

SO ORDERED.

Landya McCafferty
United States District Judge

November 6, 2026

cc: Counsel of Record